IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM VO, | Case No. 1:19-cv-00084 Erie |
| Plaintiff | |
| v. | RICHARD A. LANZILLO |
| | UNITED STATES MAGISTRATE JUDGE |
| JOHN WETZEL, et al., | |
| | ORDER ON DEFENDANTS' MOTION |
| Defendants | TO DISMISS [ECF NO. 16] |

I.   Background

Plaintiff Kim Vo, an inmate incarcerated at the State Correctional Institution at Cambridge Springs (SCI-Cambridge Springs), commenced this pro se action pursuant to 28 U.S.C. § 1983 against John Wetzel, the Secretary of the Pennsylvania Department of Corrections, and Lonnie Oliver, the Superintendent of SCI-Cambridge Springs. Vo's original Complaint alleged that her personal property was confiscated in violation of the United States Constitution and DOC policy, but it failed to state what involvement, if any, either of the two Defendants had in the alleged deprivation. ECF No. 1. Accordingly, on April 16, 2019, the Court ordered Vo to file an amended complaint. ECF No. 3.

Vo's Amended Complaint, filed on June 7, 2019, retained Secretary Wetzel and Superintendent Oliver, and named four additional individuals as Defendants: Corrections Officer M. McCurdy; Corrections Officer P. Zakostelecky; Major Dodds; and Sergeant M. van Tassel. Vo alleges that Defendants violated her due process rights as secured by the Fifth and Fourteenth Amendments to the United States Constitution by confiscating her property without providing an adequate grievance process in violation of prison policy. As relief, she seeks the return of her property.

1

Vo's claims arise out of an incident on or about September 15, 2017. ECF No. 8 at 3, ¶ 1; 5, ¶ 1. According to her Amended Complaint, Defendants McCurdy and Zakostelecky visited her cell on that date and confiscated all of her personal property. *Id.* at 3, ¶ 1. Vo filed a grievance on September 20, 2017, which resulted in the return of some, but not all, of her property. *Id.* at 3, ¶ 2-3. Vo unsuccessfully appealed the decision to withhold the rest of her property to Superintendent Oliver and Sergeant van Tassel. *Id.* at 1, ¶ 2; 8, ¶ 1. Vo contends that the confiscation of and failure to return her property violates DOC procedure because most of the confiscated property is permitted under SCI-Cambridge Springs policy. *Id.* at 8, ¶ 2.

All Defendants have moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 16. For the following reasons, the Court will grant Defendants' motion and dismiss Vo's claims. Said dismissal, however, will be without prejudice to Vo's opportunity to cure the pleading deficiencies identified in this opinion by filing a second amended complaint.[1]

II.     Standard of Review

    A.  Pro se Litigants

Pro se pleadings, "however inartfully pleaded," are to be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552,

---

[1] The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997). *See*, *e.g.*, *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990) (same).

      B. Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v.*

*Allain,* 478 U.S. 265, 286 (1986)).  Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint.  *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).  Nor must the Court accept legal conclusions disguised as factual allegations.  *Twombly*, 550 U.S. at 555 (citing *Papasan*, 478 U.S. at 286).  *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'  Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'  Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).  This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

III.   Analysis

Defendants contend that this action must be dismissed because: (1) Vo has failed to allege the personal involvement of Defendants Wetzel, Oliver, and Dodds; (2) Vo has failed to state a constitutional claim because the existence of a grievance procedure at SCI-Cambridge

4

Springs satisfies the Due Process Clause; and (3) the Defendants are protected from suit by the doctrine of qualified immunity.  Arguments (1) and (2) will be addressed in turn.[2]

### A.  Lack of Personal Involvement

In order to prevail on a claim pursuant to 42 U.S.C. § 1983, a plaintiff must prove that a defendant, acting under color of state law, deprived the plaintiff of a right secured by the Constitution or laws of the United States.  *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995); *Estate of Smith v. Marasco*, 430 F.3d 140, 151 (3d Cir. 2005); 42 U.S.C. § 1983.  Critically, the plaintiff "must show that each and every defendant was 'personal[ly] involve[d]' in depriving him of h[er] rights."  *Kirk v. Roan*, 2006 WL 2645154, at *3 (M.D. Pa. 2006) (quoting *Evancho v. Fischer*, 423 F.3d 347, 353 (3d Cir. 2006)).  This means that each defendant must have played an "affirmative part" in the complained-of misconduct.  *Iqbal*, 556 U.S. at 677 ("In a § 1983 suit ... [a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); *Oliver v. Beard*, 358 Fed. Appx. 297, 300 (3d Cir. 2009).  In the absence of specific allegations that a defendant played a role in depriving the plaintiff of a constitutional right, dismissal is appropriate.  *See, e.g., Mearin v. Swartz*, 951 F.Supp.2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged Eighth Amendment violation).

These principles apply with equal force where the defendants are supervising prison officials.  *See*, *e.g.*, *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (noting that liability for supervisory officials must still be based on "personal involvement in the alleged

---

[2] The Third Circuit has cautioned that "it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases."  *Newland v. Reehorst*, 328 Fed. Appx. 788, 791 n.3 (3d Cir. 2009).  Given the decision to dismiss on alternative grounds, no discussion of qualified immunity is necessary at this time.

wrongs"); *Evancho*, 423 F.3d at 353 ("[L]iability cannot be predicated solely on the operation of *respondeat superior*."). Although a supervisor cannot encourage constitutional violations, "a supervising public official has [no] affirmative constitutional duty to supervise and discipline so as to prevent violations of constitutional rights by his or her subordinates." *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986); *Brown v. Grabowski*, 922 F.2d 1097, 1120 (3d Cir. 1990). Moreover, it is "well established that the filing of a grievance is not sufficient to show the actual knowledge necessary for a defendant to be found personally involved in the alleged unlawful conduct." *Mearin*, 951 F.Supp.2d at 782. *See also Mincy v. Chmielsewski*, 508 Fed. Appx. 99, 104 (3d Cir. 2013) ("[A]n officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement."). Rather, a supervisor-defendant may only be liable for unconstitutional acts undertaken by subordinates if the supervisor either: (1) with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm; or (2) participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct. *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).

Here, Vo does not allege any facts to show that Wetzel or Oliver was personally involved in her deprivation of property.[3] Vo concedes that she has never had any personal contact with Wetzel. ECF No. 20 at 2, ¶ 1. Furthermore, she concedes in her Amended Complaint that her only contact with Oliver occurred when he denied her grievance and demand for return of her property. ECF No. 8 at 1, ¶¶ 1-2; 10. Her reply brief contains a similar admission. ECF No. 20

---

[3] In her reply brief, Vo intimates that Defendant Dodds was present during the search of her property. ECF No. 20 at 3, ¶ 2. However, since Vo has failed to state a claim, *see infra* section III.B, Vo's claim against Defendant Dodds still fails, but for different reasons.

6

at 3, ¶ 1. Namely, Vo identifies Oliver's signature on the response to her grievance as proof that Oliver had personal knowledge of the seizure of her property. However, this only confirms that Oliver learned of the events after the fact rather than that he had knowledge of, or was personally involved in, McCurdy and Zakostelecky's confiscation of Vo's property. As discussed above, averments such as these are insufficient to establish personal involvement in the deprivation of a constitutional right. *See*, *e.g.*, *Kloss v. SCI-Albion*, 2018 WL 4609144, at *4 (W.D. Pa. Aug. 15, 2018) (allegation that supervisory defendant was "made aware of several issues of the plaintiff's and . . . failed to help him" is insufficient to state a claim for relief). Because neither Oliver nor Wetzel was personally involved in the alleged unconstitutional conduct, the claims brought against them are dismissed.

      B.  Failure to State a Claim: Due Process

To state a due process claim under the Fourteenth Amendment, Vo must show not only that her property was confiscated, but that she was not afforded a post-deprivation administrative remedy. As one court in this district recently explained:

> The unauthorized intentional deprivation of property by a prison official, as has been alleged here, however, does not violate the Due Process Clause where the inmate has a meaningful post-deprivation remedy available to him. *Monroe v. Beard*, 536 F.3d 198, 210 (3d Cir.2008), *quoting Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Thus, in order to succeed on a due process claim, an inmate must not only show that his property was confiscated but that he was not afforded a post-deprivation administrative remedy. *Ball v. Campbell*, 2011 WL 7080692, at *7 (M.D. Pa. Dec 9, 2011), *R & R adopted as the Opinion of the Court in* 2012 WL 201846 (M.D.Pa. Jan. 23, 2012). The United States Court of Appeals for the Third Circuit has found that adequate post-deprivation remedies include the ability to file a state tort action or use of the prison's grievance process. *Tapp v. Proto*, 404 F.Appx. 563, 567 (3d Cir. 2010); *Tillman v. Lebanon Cnty.*

> *Corr. Fac.*, 221 F.3d 410, 422 (3d Cir. 2000). The existence of either of these post-deprivation remedies therefore 'forecloses any due process claim ... even if [the] inmate is dissatisfied with the result of the process.' *Iseley v. Horn*, 1996 WL 510090, at * 6 (E.D.Pa. Sept. 3, 1996), citing *Austin v. Lehman*, 893 F.Supp. 448, 454 (E.D.Pa. 1995). See *Pettaway v. SCI Albion*, 2012 WL 366782, at *3-*4 (W.D.Pa. Feb. 2, 2012).

*Mearin v. Folino*, 2013 WL 5332120, at *7 (W.D. Pa. 2013).

Here, there is no dispute that SCI-Cambridge Springs offers an appropriate grievance system. Courts in the Third Circuit have routinely held that the DOC's grievance system satisfies the Due Process Clause, *see, e.g.*, *Spencer v. Bush*, 543 Fed. Appx. 209, 213 (3d Cir. 2013), and Vo has availed herself of the grievance process in the past. See ECF No. 8 at 3, ¶ 2; 5, ¶ 2. Vo cannot sustain a due process claim simply because she does not agree with the outcome of the investigation into her grievance. *See*, *e.g*., *Mincy v. Chmielsewski,* 508 Fed. Appx. 99, 104 (3d Cir. 2013) ("[A]n officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement."). Additionally, while Vo correctly argues that the existence of a grievance policy does not necessarily mean that the constitutional rights of inmates will always be protected, ECF No. 20 at 4, ¶ 2, there are also state court remedies available in Pennsylvania that could provide an adequate post-deprivation remedy. *See Hernandez v. Corrections Emergency Response Team*, 771 Fed. Appx. at 145 ("Even if the prison grievance procedures could be considered constitutionally inadequate, Pennsylvania's state tort law would provide an adequate remedy") (*citing* 42 Pa. C.S. §

8522(b)(3)).  As such, Vo's due process claim against McCurdy, Zakostelecky, and VanTassel is dismissed, with prejudice.[4]

### C.  Other Constitutional Claims

In her original Complaint, Vo appeared to allege that Defendants' confiscation of her property also amounted to unlawful retaliation and cruel and unusual punishment.  Because these claims were not explicitly carried over to her Amended Complaint, Defendants did not address them in their motion to dismiss.[5]  However, a careful review of Vo's reply brief suggests that she may still intend to assert such claims, as well as a potential equal protection claim.  ECF No. 20 at 2-3, 8.  Out of an abundance of caution, the Court will briefly discuss these claims.[6]

Vo first intimates a possible violation of her First Amendment right to free exercise of religion based on the confiscation of her Buddhist prayer beads for allegedly violating prison policy.  ECF No. 20 at 4, ¶ 2.  For a claim such as this to proceed, "a court must determine as a threshold matter whether the prisoner has alleged a belief that is 'both sincerely held and religious in nature.'"  *Heleva v. Kramer*, 214 Fed. Appx. 244, 246 (3d Cir. 2007) (quoting *DeHart v. Horn*, 227 F.3d 47, 51 (3d Cir. 2000)).  If so, the Court must then consider: (1) whether the regulation or practice bears a "valid, rational connection" to a legitimate and neutral governmental objective; (2) whether prisoners have alternative ways of exercising the

---

[4] Said dismissal does not preclude Vo from attempting to pursue a conversion claim in state court to recover her missing property.

[5] Vo is advised that an amended complaint is "a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Williams v. Ferdarko*, 2018 WL 3653272, at *1 n. 1 (W.D. Pa. Aug. 1, 2018) (quoting *Young v. Keohane*, 809 F.Supp. 1185, 1189 (M.D. Pa. 1992)).  In other words, each amended complaint that she files must contain <u>all</u> of the claims that she intends to pursue, even if she has already referred to them in a previous complaint.

[6] Because Vo is proceeding in forma pauperis, the Court may screen her allegations at any time for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2) (noting that a court "*shall* dismiss the case *at any time* if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.") (emphasis added).  This screening obligation "is not excused even after defendants have filed a motion to dismiss." *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 587-89 (W.D. Pa. 2008).

circumscribed right; (3) whether accommodating the right would have a deleterious impact on other inmates; and (4) whether alternatives exist that fully accommodate the prisoner's rights at *de minimus* cost to valid penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Here, although Vo alleges some of these facts in her initial complaint and reply brief, these facts do not appear in the operative pleading: her amended complaint. For example, while it appears from Vo's arguments that she holds a sincere belief in Buddhism, this fact is not clearly stated in her Amended Complaint. Vo's free exercise of religion claim will be dismissed, but she will be given an opportunity to supply more detailed factual allegations to support this claim in a second amended complaint.

Vo next references a potential claim for retaliation. To prevail on such a claim, a plaintiff must allege the following elements: (1) her conduct was constitutionally protected; (2) she suffered an adverse action at the hands of prison officials; and (3) her constitutionally protected conduct was a substantial or motivating factor in the decision to take the adverse action. *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016) (citing *Rauser v. Horn*, 241 F.3d 330, 333-34 (3d Cir. 2001)). An "adverse action" is one that would "deter a person of ordinary firmness" from exercising his First Amendment rights. *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000) (quoting *Suppan v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000)). Retaliatory motive can be inferred from either: (1) an unusually suggestive temporal proximity between the protected activity and the alleged retaliatory action; or (2) a pattern of antagonism coupled with timing that suggests a causal link. *Id.* (citing *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007)). Here, even if the Court construes the confiscation of Vo's property as an adverse action, she has not alleged that she engaged in any constitutionally protected conduct,

much less that said conduct was a substantial or motivating factor in the decision to confiscate her property. Accordingly, the claim must be dismissed.

Vo also references a possible violation of her Eighth Amendment right to be free from cruel and unusual punishment. To prevail on such a claim, an inmate must satisfy both an objective element and a subjective element. *Ricks v. Shover*, 891 F.3d 468, 473 (3d Cir. 2018) ("A properly stated Eighth Amendment claim must allege a subjective and objective element."). Thus, "[a] claim of inhumane prison conditions may rise to the level of an Eighth Amendment violation where the prison official 'deprived the prisoner of the minimal civilized measure of life's necessities' and 'acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to [her] future health.'" *Palakovic v. Wetzel*, 854 F.3d 209, 225 (3d Cir. 2017) (quoting *Parkell v. Danberg*, 833 F.3d 313, 335 (3d Cir. 2016)). In the instant case, Vo has failed to allege any facts suggesting that she has been deprived of the minimal civilized measure of life's necessities. *See Watson v. Secretary Pennsylvania Dept. of Corrections*, 567 Fed. Appx. 75, 80 (3d Cir. 2014) (holding that the deprivation of personal property does not rise to the level of a constitutional violation under the Eighth Amendment). Furthermore, she has not alleged that prison staff acted with deliberate indifference in depriving her of her property. Accordingly, this claim is dismissed. Moreover, because any attempt by Vo to cure the deficiencies of this claim would be futile as a matter of law, this dismissal is with prejudice.

Finally, Vo refers to a possible equal protection violation, which the Court interprets as her attempt to pursue an equal protection claim based on a "class of one" theory. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To succeed on such a theory, a plaintiff must show that: "(1) the defendant treated h[er] differently from others similarly situated, (2) the

11

defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Phillips v. County of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008) (citing *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006)).  In a prison setting, "an inmate must demonstrate that [s]he was treated differently than others similarly situated as a result of intentional or purposeful discrimination . . . [and] that h[er] treatment was not 'reasonably related to [any] legitimate penological interests.'" *Brayboy v. Johnson*, 2018 WL 6018863, at *11 (E.D. Pa. Nov. 16, 2018) (quoting *Holland v. Taylor*, 604 F. Supp. 2d 692, 701 (D. Del. 2009)).  *See also DeHart v. Horn*, 227 F.3d 47, 61 (3d Cir. 2000) (noting that, in a prison setting, the Equal Protection Clause only requires that a regulation which results in unequal treatment of an inmate bear some rational relationship to a legitimate penological interest).

Here, although Vo alleges in her reply brief that other inmates were routinely permitted to possess similar property items to those which Defendants confiscated from her, she has not alleged any facts to satisfy the elements of an equal protection claim in the Amended Complaint. Accordingly, this claim also must be dismissed, albeit without prejudice to her ability to attempt to restate this claim in a second amended complaint.

    D.  Leave to Amend

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  This instruction is equally applicable to *pro se* litigants and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

Based on the facts alleged in the original Complaint and the Amended Complaint, the Court concludes that any attempt to amend Vo's due process and cruel and unusual punishment

claims would be futile.  Accordingly, these claims are dismissed, with prejudice, and without leave to amend.  The Court further finds that the absence of any personal involvement of Defendant Wetzel in the subject matter of Vo's action is so fundamental that any amendment as to him would be futile.  Accordingly, all claims against Defendant Wetzel are dismissed with prejudice and the Clerk of the Court is directed to terminate him as a Defendant to this action.

However, because it is not clear that amendment would be futile as to Vo's free exercise of religion, retaliation, and equal protection claims against the remaining Defendants, the Court will grant Vo an opportunity to file a second amended complaint within twenty-one (21) days of this memorandum opinion and order.  As previously noted, Vo's second amended complaint should include all of her claims against the remaining Defendants in a single document.  She should provide the Court with all of the facts that she believes support her claims and should state those facts in individually numbered paragraphs so that the Defendants can respond to each individual paragraph in their Answer.  Additionally, Plaintiff should explain how each Defendant's conduct satisfies each element of each claim she is pursuing.[7]  Finally, Vo is reminded once more that an amended complaint "must be complete in all respects.  It is a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Williams*, 2018 WL 3653272, at *1 n. 1.

IV.   Conclusion

For the reasons stated herein, the motion to dismiss filed by Wetzel, Oliver, McCurdy, Zakostelecky, Dodds, and Van Tassel [ECF No. 16] is GRANTED and the following is ORDERED:

---

[7] For example, to pursue an equal protection claim, Vo must allege facts to support a plausible inference that one or more of the Defendants treated her differently than other inmates and that these differences in treatment were intentional.  To pursue her retaliation claim, Vo must identify the protected conduct upon which she bases her claim, what adverse action was taken, and how the two were connected.

(1) Plaintiff's due process and cruel and unusual punishment claims against all Defendants are dismissed, with prejudice;

(2) All claims against Defendant Wetzel are dismissed with prejudice and the Clerk of the Court is directed to terminate Defendant Wetzel as a Defendant to this action;

(3) Plaintiff's free exercise of religion, retaliation, and equal protection claims are dismissed, without prejudice. Plaintiff is granted leave to file a second amended complaint as to these claims within twenty-one (21) days of this order. Failure to file an amended complaint within that timeframe will result in dismissal of all Defendants from this action, with prejudice.

/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: June 30. 2020