IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM VO, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 1:19-cv-00084-RAL (Erie) |
| | ) | |
| vs. | ) | |
| | ) | RICHARD A. LANZILLO |
| DOC SECRETRY JOHN WETZEL, | ) | |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| | ) | |
| Defendant | ) | MEMORANDUM OPINION AND |
| | ) | ORDER ON PLAINTIFF'S MOTION FOR |
| | ) | THE APPOINTMENT OF COUNSEL |
| | ) | |
| | ) | ECF NO. 31 |

Plaintiff Kim Vo, a prisoner in the custody of the Pennsylvania Department of Corrections
(DOC) at State Correctional Institution at Cambridge Springs (SCI-Cambridge Springs), filed this *pro
se* action under 42 U.S.C. § 1983 on March 22, 2019.  ECF No. 1.  Her Complaint was docketed on
June 7, 2019.  ECF No. 8.  Pending before the Court is Plaintiff's motion for appointment of
counsel.  ECF No. 31.  For the reasons that follow, the motion is DENIED, without prejudice.

I.      Standard of Review

In *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), the Third Circuit identified factors to be
considered by the district courts in exercising their discretion whether to "appoint" counsel under 28
U.S.C. § 1915(d).[1]  These factors have been affirmed many times as the appropriate bases for review.
*See, e.g., Montgomery v. Pinchak*, 294 F.3d 492 (3d Cir. 2002).  "As a threshold matter, a district court
must assess whether the claimant's case has some arguable merit in fact and in law." *Tabron* at 155.
The court should not appoint counsel unless the claim has some merit.  *Id.*  Provided that this

---

[1] 28 U.S.C. § 1915(d) does not authorize the court to "appoint" counsel in a civil action, but it does permit the court to
"request" an attorney to represent a litigant who is unable to employ counsel on his or her own.  The importance of the
distinction was recognized by the Supreme Court in *Mallard v. United States District Court*, 490 U.S. 296 (1989).

consideration is satisfied, the court must then consider these factors to determine whether to appoint counsel:

1.  the plaintiff's ability to present his or her own case;
2.  the difficulty of the particular legal issues;
3.  the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4.  the plaintiff's capacity to retain counsel on his or her own behalf;
5.  the extent to which a case is likely to turn on credibility determinations, and;
6.  whether the case will require testimony from expert witnesses.

*Montgomery*, at 499 (quoting *Tabron* at 155-157).

The Third Circuit has also recognized that there are significant practical restraints on the district court's ability to "appoint" counsel, including: "the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Tabron*, 6 F.3d at 157. There are also many cases in which district courts seek to appoint counsel but find no attorney willing to accept the appointment:

> [T]he frequent unwillingness of lawyers to accept appointment in such cases is not only a function of the time pressures lawyers face in trying to earn a living in an increasingly competitive filed, but also by circulating knowledge of the indignities that some lawyers have been subjected to by certain litigants, including verbal and written abuse, excessive demands and complaints, and malpractice suits. We trust the district judges will be sensitive to such problems in making discretionary decision in the area.

*Id.* at 157 n. 7. The *Tabron* Court also recognized that volunteer lawyer time is extremely valuable and a district court should not request counsel under § 1915 indiscriminately:

> Volunteer lawyer time is a precious commodity … Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.

*Id.* at 157.

While this Court would no doubt benefit from having capable, experienced counsel available to assist and advise all prisoners before they file suit and to represent all prisoner plaintiffs who survive dismissal (under 28 U.S.C. § 1915(e) or for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure), there are simply not enough attorneys in this District who are willing to undertake such representation. Besides the factors discussed by the Court of Appeals, this Court recognizes other factors that dissuade attorneys from representing prisoners. Simply interviewing a prisoner client requires a trip to a prison, sometimes at a great distance from the lawyer's office, and frequently a long wait at the prison until the prisoner can be produced for the interview.

The number of attorneys in this District who are available to volunteer to represent prisoners is limited while the number of prisoners who request counsel is high. Moreover, the Erie division of this District does not have a referral system in place, as does the Pittsburgh division, and few attorneys in the local Bar have expressed a willingness to handle these cases. While the Plaintiff notes that restrictions in the prison due to the ongoing COVID-19 pandemic are limiting her ability to prepare her case, so too is the pandemic challenging lawyers in this District in the practice of law. Therefore, this Court must carefully consider all the factors identified by the Court of Appeals as well as any other considerations related to the specific case in exercising its discretion when considering a motion for the "appointment" of counsel.

II.    Analysis

In her *pro se* Complaint, Plaintiff alleges claims under the First, Fourth, Fifth, Seventh, and Fourteenth Amendments arising out of the search of her cell and confiscation of her property, particularly the taking of her Buddhist prayer beads. *See, e.g.,* ECF No. 26, p. 2. At this early stage of the litigation, the Court cannot determine whether these claims have any merit. For purposes of this

motion, however, the Court will assume that Plaintiff's claims are potentially meritorious and address her request under the six *Tabron* factors.

The first factor – the Plaintiff's ability to present her own case – weighs against appointment of counsel at this time. While the Amended Complaint is not perfect in its grammar and structure, Plaintiff's submissions to the Court reveal that she is nonetheless able to present her allegations and claims in a literate and articulate manner. Her Amended Complaint is neatly typed, shows an understanding of the basis for her claims, and cites the constitutional rights which she believes have been violated. Other submissions are neatly handwritten or typed. Each of these suggests that Plaintiff possesses the ability to present her own case, particularly at this stage in the litigation. *See Montgomery*, 294 F.3d at 501 (identifying several factors to consider with respect to a plaintiff's ability to present her case, including: "the plaintiff's education, literacy, prior work experience, and prior litigation experience, along with a plaintiff's ability to understand English and the restraints placed upon a prisoner plaintiff by confinement."). Plaintiff notes that she will have difficulty presenting her case at trial as a lay person and someone who speaks English as a second language with an accent. However, the case is not yet at the trial stage, she appears capable of handling pretrial matters *pro se*, and Plaintiff can renew her motion on these or other grounds if the litigation reaches the trial stage.

Although it is early in this litigation, Plaintiff's claims do not appear to present any particularly difficult legal issues. Thus, the second *Tabron* factor also weighs against appointment of counsel. As for the remaining *Tabron* factors, the Court notes that practically every case that proceeds to discovery involves a reasonable amount of factual investigation. Plaintiff's claims, however, do not appear to require expert testimony, particularly complex credibility determinations, or unusually burdensome discovery. Moreover, as a *pro se* litigant, Plaintiff will have the benefit of *Haines v. Kerner*, 404 U.S. 519 (1972), and its progeny. *See id.* at 520-21 (instructing that *pro se*

pleadings should be held to less stringent standards than formal pleadings drafted by lawyers). This may be of more benefit to her than an attorney who is unfamiliar with the types of issues presented in prison litigation. Regarding Plaintiff's concern about law library access due to restrictions caused by the Covid-19 pandemic, the Court notes that it can accommodate this obstacle with extensions of time or other relief when appropriate.

Given the foregoing, the Court concludes that the *Tabron* factors weigh against the appointment of counsel at this stage in the litigation. Plaintiff's motion for appointment of counsel (ECF No. 31) is therefore **DENIED**, without prejudice. Plaintiff may renew her motion, if she so desires, should her claims remain viable at later stages of this litigation.

It is so ordered.


RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE


Entered this 5th day of January, 2021.